

# CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 23544617
Date Processed: 07/27/2021

| | |
|---|---|
| Primary Contact: | Hugo Dubovoy, Jr.<br>W. W. Grainger, Inc.<br>100 Grainger Pkwy<br>Lake Forest, IL 60045-5202 |
| Electronic copy provided to: | Kelley Richardson<br>Gia Simpson<br>Janet Scholz<br>Hank Galatz<br>Leah Wardak<br>John Howard |
| Entity: | W.W. Grainger, Inc.<br>Entity ID Number  3850554 |
| Entity Served: | W.W. Grainger Inc. |
| Title of Action: | Holly Petersen vs. W.W. Grainger Inc. |
| Document(s) Type: | Notice and Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Black Hawk County District Court, IA |
| Case/Reference No: | Not Shown |
| Jurisdiction Served: | Iowa |
| Date Served on CSC: | 07/27/2021 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Christopher Stewart<br>515-235-0551 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

## IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY

| | |
|---|---|
| HOLLY PETERSEN,<br><br>Plaintiff,<br><br>vs.<br><br>W.W. GRAINGER INC. and MATT OLSON, ANN CRILLY, AND SHANNON MUSSA in their individual and professional capacities,<br><br>Defendants. | CASE NO. _____<br><br><br><br>ORIGINAL NOTICE |

**TO THE ABOVE-NAMED DEFENDANT: W.W. GRAINGER INC.**

You are notified that a Petition has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice. Plaintiff's attorney is Chris Stewart **of Gribble, Boles, Stewart & Witosky whose address is 2015 Grand Avenue, Suite 200, Des Moines, Iowa 50312.**

This Petition was filed on the 30th day of June, 2021.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING. FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM. FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Plaintiff's claim together with interest and court costs.

NOTE: The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

## Iowa Judicial Branch

| | |
|---|---|
| Case No. | **LACV143108** |
| County | **Black Hawk** |

Case Title     HOLLY PETERSEN VS W W GRAINGER INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued **07/01/2021 11:08:48 AM**



District Clerk of Black Hawk     County
**/s/ Janell Slight**

**IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY**

| | |
|---|---|
| HOLLY PETERSEN,<br><br>    **Plaintiff,**<br><br>vs.<br><br>W.W. GRAINGER INC. and MATT OLSON, ANN CRILLY, AND SHANNON MUSSA in their individual and professional capacities,<br><br>    **Defendants.** | CASE NO. _____<br><br><br>PETITION and JURY DEMAND |

  **COMES NOW**, the Plaintiff, Holly Petersen, by and through the undersigned counsel, and for her causes of action states to the Court as follows:

### PARTIES

  1. Plaintiff Holly Petersen (hereinafter Ms. Petersen) was at all times material hereto a citizen and resident of Cerro Gordo County, Iowa.

  2. Defendant, W.W. Grainger Inc. (hereinafter Grainger) is an industrial supply company organized under the law and with its principal place of business in Lake Forest, Illinois, but engages in businesses throughout the State of Iowa, specifically Waterloo, Black Hawk County, Iowa.

  3. Defendant Matt Olson (hereinafter Olson) is a Director of Customer Information at Defendant Grainger's Waterloo location and is believed to be a resident of Black Hawk County, Iowa. Olson had employment decision making control and authority regarding Ms. Petersen's employment and applications for employment with Grainger.

  4. Defendant Ann Crilly (hereinafter Crilly) is employed by Defendant Grainger at their Waterloo location within Human Resources and is believed to be a resident of

1

Black Hawk County, Iowa. Crilly had employment decision making control and authority regarding Ms. Petersen's employment and applications for employment with Grainger.

5. Defendant Shannon Mussa (hereinafter Mussa) is a Sr. Talent Acquisition Consultant at Defendant Grainger's Waterloo location and is believed to be a resident of Black Hawk County, Iowa. Mussa had employment decision making control and authority regarding Ms. Petersen's employment and applications for employment with Grainger.

## JURISDICTION AND VENUE

6. Subject matter and personal jurisdiction of the District Court is proper pursuant to Iowa Code § 602.6101.

7. Venue is proper in the District Court for Black Hawk County, Iowa pursuant to Iowa Code § 616.14, Iowa Code § 616.17, and Iowa Code § 616.18.

8. The amount in controversy exceeds the jurisdictional requirements of small claims.

## FACTS

9. Ms. Petersen is a 39-year-old female.

10. Ms. Petersen was employed by Grainger in the following positions: Customer Service Associate, Senior Customer Service Associate, Customer Information Quality Associate, and Technical Support Specialist between February 11, 2008, and the termination of her employment.

11. During her employment with Grainger, Ms. Petersen's performance had always been rated as satisfactorily and she had been commended on her performance on multiple occasions.

12. In 2019, Ms. Petersen became pregnant.

13. The Defendants were fully aware of Ms. Petersen's pregnancy.

14. On or about 3:00pm on June 23, 2020, Ms. Petersen was to begin her maternity leave.

15. Minutes prior to leaving the office that day, she was informed everyone would be required to re-apply for their positions due to reorganization.

16. After being told she would have to reapply for her position, Ms. Petersen informed Crilly that she intended to reapply.

17. Crilly responded, "That's fine if you think it's worth it."

18. Thereafter, Ms. Petersen applied for a Process Engineer position and Data Specialist position.

19. Ms. Petersen was qualified to fill both roles.

20. Ms. Petersen was informed by Mussa that she would interview for both positions.

21. After her applications for both positions were submitted, Ms. Petersen was informed she would only be interviewing for the Data Specialist position.

22. In July of 2020, Ms. Petersen interviewed for the Data Specialist position.

23. Shortly after her interview, Ms. Petersen was notified by Olson that she was not selected for the position of Data Specialist as she did not "have the skills required to move forward on the new team."

24. Most, if not all the individuals that were hired for the Data Specialist position were mentored or assisted by Ms. Petersen in their previous position.

25. Ms. Petersen's employment was then terminated.

26. In September of 2020, the Customer Information Analyst position was posted.

27. Ms. Petersen was qualified to fill this role.

28. Ms. Petersen emailed Olson and Crilly and inquired into the Customer Information Analyst position.

29. She received no response.

30. After receiving no response following her inquiry, Ms. Petersen applied for the Customer Information Analyst position in October of 2020.

31. She was denied the position.

32. Mussa informed Ms. Petersen she did "not have the technical skills required for the role."

33. Based upon the statements made to Ms. Peterson and the actions that took place during the application and interviewing processes, Olson, Crilly and Mussa made it clear they had an issue with Ms. Petersen's pregnancy and sex and made the ultimate decisions regarding the discriminatory employment practices Ms. Petersen was subjected to.

34. On November 5, 2020, within 300 days of the acts of which she complains, Ms. Petersen filed charges alleging employment discrimination on the basis of pregnancy, sex, and failure to hire with the Iowa Civil Rights Commission against Defendants Grainger, Olson, Crilly, and Mussa.

35. On April 16, 2021, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission, pursuant to Iowa Code Chapters, 216.16, issued Ms.

Petersen a Letter of Right-to-Sue with respect to the charges alleging employment discrimination on the basis of pregnancy, sex, and failure to hire.

## COUNT I
## VIOLATION OF IOWA CODE CHAPTER 216-PREGNANCY DISCRIMINATION
### (Against All Defendants)

36. Plaintiff repleads paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Under the provisions of the Iowa Civil Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of her pregnancy or by engaging in disparate treatment of employees based upon their pregnancy.

38. Plaintiff was pregnant.

39. Plaintiff was qualified for her position.

40. Plaintiff was discriminated against and subjected to disparate treatment as a direct result of being pregnant.

41. Plaintiff suffered adverse employment actions when she was terminated and not hired into multiple positions because of her pregnancy.

42. Plaintiff's discharge and failure to hire occurred under circumstances giving rise to an inference of discrimination.

43. A causal connection exists between the Plaintiff's pregnancy and the discrimination she was subjected to resulting in adverse employment actions.

44. As a result of the Defendants' illegal actions and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment,

5

lost enjoyment of life, lost wages, benefits, future earnings, and other emoluments of employment.

**WHEREFORE**, Plaintiff Holly Petersen prays for the following relief:

(a) That the Court declare Defendants Grainger, Olson, Crilly, and Mussa conduct complained of herein to be in violation of the Plaintiff's rights as secured by the Iowa Civil Rights Act;

(b) That the Court permanently enjoin Defendants Grainger, Olson, Crilly, and Mussa and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Iowa Civil Rights Act;

(c) That the Court award Plaintiff compensatory damages;

(d) That the Court award Plaintiff emotional distress damages;

(e) That the Court order Defendants Grainger, Olson, Crilly, and Mussa to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with prejudgment interest, and other relief this Court deems appropriate;

(f) That the Court award Plaintiff attorneys' fees and costs incurred in prosecuting this action and;

(g) That the Court award Plaintiff such additional and further relief as it deems necessary and proper.

## COUNT II
## VIOLATION OF IOWA CODE CHAPTER 216-SEX DISCRIMINATION
## (Against All Defendants)

45. Plaintiff repleads paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. Under the provisions of the Iowa Civil Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of his or her sex, by engaging in disparate treatment of employees based upon their sex.

47. Plaintiff is a female and is a member of a protected class.

48. Plaintiff was qualified for her position.

49. Plaintiff suffered adverse employment actions when she was terminated and not hired into multiple positions because of her sex.

50. Plaintiff's discharge and failure to hire occurred under circumstances giving rise to an inference of discrimination.

51. A causal connection exists between the Plaintiff's sex and the discrimination she was subjected to resulting in adverse employment actions.

52. As a result of the Defendants' illegal actions and omissions, the Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear anguish, humiliation, intimidation, embarrassment, lost enjoyment of life, lost wages, benefits, future earnings, and other emoluments of employment.

**WHEREFORE**, Plaintiff Holly Petersen prays for the following relief:

(a) That the Court declare Defendants Grainger, Olson, Crilly, and Mussa conduct complained of herein to be in violation of the Plaintiff's rights as secured by the

7

Iowa Civil Rights Act;

(b) That the Court permanently enjoin Defendants Grainger, Olson, Crilly, and Mussa and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Iowa Civil Rights Act;

(c) That the Court award Plaintiff compensatory damages;

(d) That the Court award Plaintiff emotional distress damages;

(e) That the Court order Defendants Grainger, Olson, Crilly, and Mussa to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with prejudgment interest, and other relief this Court deems appropriate;

(f) That the Court award Plaintiff attorneys' fees and costs incurred in prosecuting this action and;

(g) That the Court award Plaintiff such additional and further relief as it deems necessary and proper.

## COUNT III
## VIOLATION OF IOWA CODE CHAPTER 216 - FAILURE TO HIRE
### (Against All Defendants)

53. Plaintiff repleads paragraphs one (1) through fifty-two (52) as if fully set forth herein.

54. Under the provisions of the Iowa Civil Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of her sex and or pregnancy by engaging in disparate treatment of employees.

8

55. Defendants' treatment of the Plaintiff was motivated by Plaintiff's sex and pregnancy.

56. Plaintiff suffered an adverse employment action when she was was not hired for a position due to her pregnancy and sex, despite being more qualified than the individuals hired into the positions for which the Plaintiff applied.

57. The Plaintiff's failure to hire occurred under circumstances giving rise to an inference of discrimination.

58. A causal connection exists between the Plaintiff's pregnancy and sex and her not being hired.

59. As a result of the Defendants' illegal actions and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear anguish, humiliation, intimidation, embarrassment, lost enjoyment of life, lost wants, benefits, future earnings, and other emoluments of employment.

**WHEREFORE**, Plaintiff Holly Petersen prays for the following relief:

(a) That the Court declare Defendants Grainger, Olson, Crilly, and Mussa conduct complained of herein to be in violation of the Plaintiff's rights as secured by the Iowa Civil Rights Act;

(b) That the Court permanently enjoin Defendants Grainger, Olson, Crilly, and Mussa and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Iowa Civil Rights Act;

(c) That the Court award Plaintiff compensatory damages;

(d) That the Court award Plaintiff emotional distress damages;

(e) That the Court order Defendants Grainger, Olson, Crilly, and Mussa to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with prejudgment interest, and other relief this Court deems appropriate;

(f) That the Court award Plaintiff attorneys' fees and costs incurred in prosecuting this action and;

(g) That the Court award Plaintiff such additional and further relief as it deems necessary and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with regards to the above-titled matter.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: /s/ Christopher Stewart
Christopher Stewart
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Fax: (515) 243-3696
Email: cstewart@gbswlaw.com
**ATTORNEY FOR PLAINTIFF**